A93A1738. ELLIOTT v. THE STATE.
(437 SE2d 490)

JOHNSON, Judge.

The police found Cheryl P. Elliott in actual possession of marijuana while she was an inmate at the Pickens County jail and found methamphetamine in her jail cell. Elliott was indicted for possession of methamphetamine, misdemeanor possession of marijuana and as a recidivist. During the trial of a co-defendant, Elliott was called as a witness and refused to testify, invoking her privilege against self-incrimination. The State asked the court to order Elliott to testify under OCGA § 24-9-28. The court granted Elliott use and derivative use immunity and ordered her to testify, which she did. Thereafter, the State reindicted Elliott. In the second indictment, the State set forth the same possession of methamphetamine and recidivist counts contained in the original indictment, but upgraded the misdemeanor marijuana possession charge to the felony offense of possession of marijuana by an inmate. OCGA § 42-4-13. Elliott was convicted of the charges and appeals.

1. Elliott contends that the court erred in denying her motion to dismiss the second indictment because the state failed to show that it used only evidence derived from sources independent of her immunized testimony to obtain the reindictment. Upon the court's order that a person shall not be excused from testifying on the basis of her privilege against self-incrimination, "no testimony or other evidence required under the order or any information directly or indirectly derived from such testimony or evidence may be used against the person in any proceedings or prosecution for a crime or offense concerning which he testified or produced evidence under court order." OCGA § 24-9-28 (a). In the instant case, the only difference between

the first and second indictments is the allegation that Elliott was an inmate at the time she possessed the marijuana, a fact known by the State prior to and independent of Elliott's testimony. Moreover, at an evidentiary hearing held to determine whether the reindictment was tainted, the only evidence presented was the testimony of the police officer who also had been the sole witness before the grand jury that issued the second indictment. He testified that the State's investigation of Elliott was completed over six months before she gave the immunized testimony, that the only new information obtained from her testimony was the identity of the person bringing illegal drugs into the jail and that he provided no information to the grand jury that was not known by the State prior to the testimony. Under these circumstances, the State sufficiently showed that it did not use Elliott's immunized testimony or any information derived directly or indirectly from it to obtain the second indictment. The trial court therefore did not err in denying the motion to dismiss the indictment.

2. Elliott argues that the court erred in denying her motion to dismiss the indictment because the State violated OCGA § 24-9-28 by failing to file a transcript of her immunized testimony before the reindictment. This argument is without merit because that Code section contains no requirement that the transcript be filed prior to reindictment. OCGA § 24-9-28 (a) provides, "any testimony given by a person pursuant to [an order under this Code section] shall be transcribed and filed for permanent record in the office of the clerk of the court." The State fully complied with this Code section by transcribing Elliott's immunized testimony and filing that transcript nearly two months before trial. The court committed no error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 8, 1993.

*Douglas H. Flint*, for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.